**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

PATRICK L. SHERMAN
ADC #96304                                                               PLAINTIFF

V.                                    5:07CV00206 JMM/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction, et al.                  DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
James M. Moody. Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Clerk no later than eleven (11) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.   Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the United States District Judge,
you must, at the same time that you file your written objections, include a "Statement of Necessity"
that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the

United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, Patrick L. Sherman, who is currently incarcerated at the Tucker Maximum Security Unit ("MSU") of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket entries #1, #3, and #6.  Defendants have filed a Motion to Dismiss and a Supporting Brief.  *See* docket entries #22 and #23.  Plaintiff has filed a Response and a Supplemental Response, to which Defendants have filed a Reply.  *See* docket entries #27, #28, and #29.  For the reasons set forth herein, the Court recommends that Defendants' Motion to Dismiss be granted, and that this case be dismissed, without prejudice.

## II.  Discussion

Plaintiff alleges that Defendants ADC Director Larry Norris, ADC Director of Classifications George Brewer, and ADC Classification Officer V. King have violated his constitutional rights by

maintaining a custom or policy of "mixed-matched housing."  Under this policy, Plaintiff alleges that inmates with low security levels are housed with inmates with higher security levels.   *See* docket entries #1, #3, and #6.   According to Plaintiff, he is housed at the MSU with C-5 inmates, who have the highest security level, even though he is a C-2 inmate. *Id.*  Plaintiff contends that this dangerous housing arrangement has caused him to be attacked by higher security level inmates and places him in imminent danger of being attacked in the near future. *Id.*

Defendants argue that this case must be dismissed, without prejudice, because Plaintiff has failed to exhaust his administrative remedies.[1]  *See* docket entries #22, #23, and #28.  The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."  *Jones v. Bock,* 127 S.Ct.

---

[1] The Court is mindful that a motion to dismiss should be granted only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

910, 923 (2007);[2] *see also Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).   Importantly, the Eighth

Circuit has clarified that the PLRA requires inmates to:   (1) fully and properly exhaust their

administrative remedies as to each claim mentioned in the complaint;[3] and (2) complete the

exhaustion process prior to filing an action in federal court.   *See Johnson v. Jones*, 340 F.3d 624,

627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

In his Response to Defendants' Motion to Dismiss, Plaintiff has made three arguments

opposing the dismissal of this case under § 1997e(a).  *See* docket entries #27 and #29. The Court will

address each of these arguments separately.

## A.        Lack of Monetary Damages

First, while admitting that he did not file any grievances about his current assignment to the

MSU (*see* docket entry #1, #3, #6, and #27), Plaintiff argues that he did not do so because damages

are not recoverable in the prison grievance procedure.  *See* docket entry #27.   However, the United

States Supreme Court squarely rejected this argument in *Booth v. Churner*, 532 U.S. 731, 736-41

(2001), by holding that the PLRA requires an inmate to complete the administrative prison grievance

process even when that process does not permit an award of monetary damages.  *See also Foulk v.*

*Charrier*, 262 F.3d 687, 695 (8th Cir. 2001).

---

[2] In *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007), the Court emphasized that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."

[3] To fully exhaust administrative remedies, an ADC inmate must: (1) file an informal resolution form; (2) file a grievance if the informal resolution attempt is unsuccessful; (3) appeal the denial of that grievance to the Warden; and (4) appeal the Warden's decision to the ADC Deputy/Assistant Director.  *See* ADC Adm. Dir. 04-01 § IV(E) through (G) (February 1, 2004).

**B.**     **Nongrievable Matter**

Second, Plaintiff argues that he did not file any grievances about his assignment at the MSU because the ADC grievance policy provides that "transfer matters" and "anticipated events" are "non-grievable matters." *See* docket entry #27 and docket entry #28, Ex. A at 2.

However, as pointed out by Defendants, Plaintiff's lawsuit is about his *current housing assignment* to the MSU, and not about the denial of a transfer request or any anticipated housing assignment. In essence, Plaintiff is raising an Eighth Amendment failure-to-protect claim, which is a grievable matter. By Plaintiff's own admission, he has not filed any grievances raising that issue while he has been housed at the MSU.

**C.**     **Grievances at Varner Super Max Unit**

Finally, in his Supplemental Response to the Motion to Dismiss, Plaintiff argues that he did exhaust the matter while housed at the Varner Super Max Unit ("VSM"). *See* docket entry #29. In support of his argument, Plaintiff has produced several fully exhausted grievances that he filed alleging that his placement at the VSM was improper because he was housed with inmates with a higher security classification. *Id.* at Ex. A. Importantly, ADC officials did <u>not</u> dismiss Plaintiff's grievance as a "non-grievable matter." *Id.* Instead, they explained to Plaintiff the reasons justifying the Classification Committee's decision to house him at the VSM so that he could participate in the 18-month incentive program. *Id*

As previously mentioned, Plaintiff's current lawsuit deals with his placement at the <u>MSU</u>, *not* the VSM. The reasons justifying Plaintiff's placement at the MSU are different from those justifying his prior placement at the VSM. More importantly, the situation of Plaintiff's current confinement at the MSU – including the amount of contact he has with higher risk inmates and the

actual danger those inmates currently pose to his safety – are different than those that previously existed at the VSM.

Thus, the Court concludes that Plaintiff should be required to properly grieve the "mixed-matched" housing policy at the MSU and give prison officials the opportunity to respond to the merits of his allegations as contemplated by the mandatory exhaustion requirements of the PLRA.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' Motion to Dismiss (docket entry #22) be GRANTED, and this case be DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to fully and properly exhaust his administrative remedies.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

3.      Plaintiff's Motion to Join Persons Needed For A Just Adjudication[4] (docket entry #26) be DENIED, AS MOOT.

Dated this 24th of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4]   In this Motion, Plaintiff seeks permission to add more Defendants who allegedly participated in the decision to house him at the MSU.  *See* docket entry #26.